STUART DELERY
Assistant Attorney General
S. AMANDA MARSHAL
United States Attorney
RON SILVER
Chief, Civil Division
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone: (503) 727-1000
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
ERIC KAUFMAN-COHEN
Trial Attorney
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
San Francisco, California  94102-3463
Telephone: (415) 436-6647
Facsimile:  (415) 436-6632
E-mail: eric.kaufman-cohen@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHAVER TRANSPORTATION COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) Civil No. 3:12-CV-01448-SI<br>)<br>) IN ADMIRALTY<br>)<br>) THE UNITED STATES'<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF<br>) MOTION TO DISMISS PLAINTIFF'S<br>) COMPLAINT FOR LACK OF<br>) SUBJECT MATTER JURISDICTION<br>) PURSUANT TO<br>) FED.R.CIV.P. 12(b)(1)<br>)<br>)<br>) [ORAL ARGUMENT REQUESTED]<br>)<br>) |

## I.      INTRODUCTION

Shaver Transportation Company has filed suit against the United States for breach of Contract.  However, as set forth in detail in the United States' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 15], there is no privity of contract between Shaver and the United States.  Hence, the United States has not waived its sovereign immunity under any of the three federal statutes applicable to Shaver's breach of contract claim: The Public Vessels Act, 46 U.S.C. §§ 31101, *et seq.* ("PVA"), which incorporates the consistent provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901, *et seq.* ("SIAA"), and the Contract Disputes Act, 41 U.S.C. §§ 7101, *et seq.* ("CDA").  Consequently, the United States respectfully submits that this Court lacks subject matter jurisdiction over Shaver's Complaint.

The underlying facts of this case are set forth in full in the United States' opposition to Shaver's motion for summary judgment.  The statutory scheme applicable to Shaver's Complaint is likewise discussed in detail in the Government's opposition.  Therefore, for brevity's sake, the United States refers to its opposition to Shaver's Complaint, and incorporates by reference, as though fully set forth herein, its Memorandum of Points and Authorities in Support of Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 15].  The United States further incorporates by reference, as though set forth fully herein, the Declaration of William Cahill in Support of the United States' Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 16] ("Cahill Declaration"), and the Declaration of Vince Corry in Support of the

United States' Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 17] ("Corry Declaration").

## II.   DISCUSSION

### A.   Sovereign Immunity

The United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *see A & S Council Oil Co., Inc. v. Lader,* 56 F.3d 234, 238 (D.C.Cir.1995). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" in the relevant statute. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). "Waivers of immunity must be 'strictly construed in favor of the sovereign,' and not 'enlarge[d] ... beyond what the language [of the statute] requires.'" *United States Dep't of Energy v. Ohio,* 503 U.S. 607, 614, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992) (citations omitted). Thus, "no action lies against the United States unless the legislature has authorized it." *Dalehite v. United States,* 346 U.S. 15, 30, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *see F.D.I.C. v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 1000–01, 127 L.Ed.2d 308 (1994). In order for plaintiff to maintain an action against the United States, it therefore must establish that the United States has

explicitly waived its sovereign immunity by statute with respect to the type of claim plaintiff has filed.

In this case, there are three statutes applicable to Shaver's breach of contract claim, the PVA, the CDA and the SIAA.  However, as discussed in detail in the United States' opposition to Shaver's motion for summary judgment, none of these statutes provide Shaver with a waiver of immunity for a contract claim by one who is not a party to a contract with the United States.  As a result, this Court lacks subject matter jurisdiction over Shaver's Complaint for breach of Contract.

### B.   Dismissal Pursuant Fed. R. Civ. P. 12(b)(1)

Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter.  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Because jurisdiction is a threshold matter, a case may not proceed if a court lacks jurisdiction to hear it.  *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."

The plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States,* 609 F.3d 1323, 1327 (Fed.Cir.2010) (citing *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988)).  In essence, the court presumes lack of jurisdiction until plaintiff proves otherwise.  *Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989); *United States ex rel. Eitel v. Reagan*, 898 F.Supp. 734, 737 (D.Or. 1995).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may go beyond the allegations pled in a Complaint and may be based upon extrinsic evidence. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000); *McMorgan & Co. v. First Calif. Mortgage Co.*, 916 F.Supp. 966, 973 (N.D. Cal. 1995). Unlike a motion to dismiss a Complaint based solely on mere allegations, no presumption of truth attaches to allegations set forth in a Complaint when a defendant relies on extrinsic evidence to support a motion to dismiss for lack of subject matter jurisdiction. The presumption of truth a court accords to a Complaint's allegations "falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Commodity Trend Services, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 619, 685 (7th Cir. 1998). Here, the United States respectfully directs the Court's attention to its memorandum of points and authorities in support of its opposition to plaintiff's motion for summary judgment, and both the Cahill and Corry Declarations.

**C.     There Has Been No Waiver Of Sovereign Immunity Under The PVA, SIAA And CDA**

As discussed in detail in the Government's brief in support of its opposition to plaintiff's motion for summary judgment, there is no privity of contract between the United States and Shaver. Moreover, contrary to the unsupported allegations set forth in

Shaver's Complaint, to which no truth is accorded, Pacific Coast Maritime AG was not,

nor has it ever been, an agent of the United States.  (See Cahill Declaration, DKT. No.

16).  Consequently, neither the PVA, the SIAA, nor the CDA provide Shaver with the

perquisite waiver of sovereign immunity for its breach of contract claim against the

United States.   Thus, the Court lacks subject matter jurisdiction over Shaver's

Complaint.

## III.   CONCLUSION

For the reasons set forth herein, and those set forth in the United States'

memorandum of points and authorities in support of its opposition to plaintiff's motion

for summary, the Court lacks subject matter jurisdiction over Shaver's Complaint for

breach of contract.  Accordingly, the United States respectfully requests that the Court

dismiss Shaver's Complaint, with prejudice.

Dated: February 13, 2013

STUART DELERY
Assistant Attorney General
S. AMANDA MARSHAL
United States Attorney
RON SILVER
Chief, Civil Division
Assistant United States Attorney
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office

/s/ Eric Kaufman-Cohen
ERIC KAUFMAN-COHEN
Trial Attorney
U. S. Dept. of Justice

Attorneys for Defendant
United States of America

CERTIFICATE OF SERVICE

I hereby certify that, on February 13, 2013, the forgoing UNITED STATES' NOTICE OF

MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAING FOR LACK OF

SUBJECT MATTER JURISDICTION PURSUANT TO Fed. R. Civ. P. 12(b)(1) was served

electronically through CM/ECF on:

> Daniel F. Knox, Esq.
> William J. Ohle
> Schwabe Williamson & Wyatt
> 1211 S.W. 5th Avenue, Suite 1900
> Portland, OR 97204
>
> Attorneys for Plaintiff

> s/ Eric Kaufman-Cohen
> ERIC KAUFMAN-COHEN